MIDWEST LIVESTOCK COMMISSION CO., A NEVADA CORPORATION, AND ELKO LIVESTOCK SALES CO., INC., A NEVADA CORPORATION, APPELLANTS, v. I. ERWIN GRISWOLD, RESPONDENT.

No. 4506

June 29, 1962                          372 P.2d 689

*Richards & Swanson,* of Reno, for Appellant Midwest Livestock Commission Co.

*Wright & Eardley,* of Elko, for Appellant Elko Livestock Sales Co., Inc.

*Orville R. Wilson* and *Mann and Scott,* of Elko, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Pursuant to NRS 576.040, Rila Co., Inc., to whom the state department of agriculture had issued a license to act as a dealer, broker or commission merchant of livestock, filed with that department a $5,000 surety bond of The Travelers Indemnity Company. The respondent Griswold, a *producer* of livestock, and the appellants

Midwest Livestock Commission Co. and Elko Livestock Sales Co., Inc., licensed public auction houses, each delivered livestock worth more than $5,000 to Rila Co., Inc., but were not paid the amounts due them by Rila Co., Inc. The Travelers Indemnity Company asked the district court to decide to whom it should pay the $5,000 and deposited that amount with the court. That court, by summary judgment, determined that the claimant Griswold, as a producer of livestock, was entitled to the full amount of the bond, and dismissed the claims asserted against the bond by Midwest Livestock and Elko Livestock who were not producers of livestock, but public livestock auction houses. Midwest Livestock and Elko Livestock appeal.

There are no disputed fact issues. The sole issue is one of law, namely: Does a surety bond, given pursuant to the provisions of NRS, ch. 576, protect only a producer of livestock and farm products? We agree with the lower court's determination that only a producer may maintain a claim for relief against the bond.

The primary thrust of appellants' argument is that NRS 576.040 (5) expressly provides that "any person injured by any violation of the provisions of this chapter * * * on the part of any licensed dealer, broker, or commission merchant, may maintain a civil action against * * * the surety or sureties on the bonds * * *." They insist that the words "any person" are clear, and may not be restricted to embrace only one who is a producer. If we were to decide this case by reference to the quoted section alone, there would be merit in the appellants' argument. Our obligation, however, is to ascertain the legislative intent. We can do this only by reading the whole act. Roney v. Buckland, 4 Nev. 45; Western Pacific Railroad Company v. State, 69 Nev. 66, 241 P.2d 846, 45 A.L.R.2d 429; State ex rel. O'Meara v. Ross, 20 Nev. 61, 14 P. 827.

A reading of the entire act, NRS, ch. 576, establishes

the legislative intention to protect a producer of livestock; that only such person may maintain a civil action against the surety on the bond. The licensing requirement of the act provides that "No person shall act as a dealer, broker or commission merchant dealing in * * * livestock *with the producer thereof* [emphasis supplied] without first securing a license from the department." NRS 576.020. It thus appears that Rila Co., Inc., was licensed to deal in livestock with the *producers* thereof, and the surety bond given as a condition to the issuance of such license was for the protection of those with whom it was licensed to deal. NRS 576.040 (1). The license revocation provisions of the act also indicate the legislative intention to protect the producer of livestock. NRS 576.120 (b) permits revocation if the licensee has made fictitious sales or has been guilty of collusion to defraud *the producer,* and (e) permits revocation where the licensee, without reasonable cause, has failed or refused to execute or carry out a lawful contract *with a producer.* The statutory definitions of "commission merchant" and "dealer" further establish the legislative intention to be as we have just indicated. A commission merchant is defined as a person " * * * who shall receive on consignment or solicit *from the producer* thereof * * *"; and a dealer as a person " * * * who solicits, contracts for or obtains from *the producer thereof* * * *." NRS 576.010 (4) (5). We believe it clear that the words "any person" as used in NRS 576.040 (5) mean "any person who is a producer of livestock or farm products."

A similar problem was considered by the Idaho Supreme Court in Lebrecht v. Union Indemnity Co., 53 Idaho 228, 22 P.2d 1066, 89 A.L.R. 640. One part of the statute appeared to give "any person injured" a right of action on the surety bond. The plaintiff, a consignee of the defendant broker, brought suit and joined the bonding company as a defendant. The issue: was the statutory bond furnished for the broker designed to protect the broker's consignee? That court held that a reading of the entire act established the legislative intention that the bond was to be for the benefit of consignors only

and not for the benefit of any other persons. The plaintiff, a consignee, was, therefore, denied relief.

In an effort to bring themselves within the protection of the bond, appellants urge that the bond, by its express terms, runs in favor of every "producer-creditor-consignor," and that they are consignors within NRS, ch. 573, relating to a public livestock auction. Said chapter is not relevant to this case. Had appellants consigned livestock to a public livestock auction for sale, resale or exchange, the bond filed by the operator of such public livestock auction would protect them as consignors. In the instant case, however, the appellants, as licensed public livestock auction operators, delivered livestock to Rila Co., Inc., a dealer and commission merchant. Hence, the provisions of NRS, ch. 576, governing the bond filed by dealers and commission merchants, control. The two chapters are separate and distinct, NRS, ch. 573, regulating public livestock auctions, and NRS, ch. 576, regulating livestock and farm products dealers, brokers and commission merchants.

We find no merit in this appeal. The summary judgment entered below must be affirmed.

BADT, C. J., and McNAMEE, J., concur.