[No. 11263. Department One. June 3, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR WILLIAMS, *Appellant*.[1]

INDICTMENT AND INFORMATION—LANGUAGE OF STATUTE—SUFFICIENCY. An information charges the statutory offense of contributing to the delinquency of a child, in the language of the statute, or in words of similar import, and is there sufficient, where it alleges that the child was a delinquent child and a lewd and dissolute person who associated with vicious and disreputable persons, and that the accused willfully encouraged, caused and contributed to her delinquency by enticing and encouraging her to drink intoxicating liquors, and consort with immoral persons and committed an act of sexual intercourse with the accused.

CRIMINAL LAW—TRIAL—JURISDICTION—CRIMINAL OR JUVENILE DEPARTMENT. A prosecution for contributing to the delinquency of a child, under Rem. & Bal. Code, § 2004, is properly tried in the criminal and not the juvenile department of the superior court, where there is nothing to indicate that the accused was a juvenile.

LEWDNESS—CONTRIBUTING TO DELINQUENCY OF CHILD—EVIDENCE—SUFFICIENCY. In a prosecution under Rem. & Bal. Code, § 2004, for contributing to the delinquency of a delinquent child, the prior delinquency of the child is sufficiently shown by proving that she was a lewd and dissolute person, and associated with immoral and disreputable persons.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 19, 1912, upon a trial and conviction of contributing to the delinquency of a neglected child. Affirmed.

*Albert D. Martin* and *Buck, Benson & McLane*, for appellant.

*John F. Murphy* and *Thomas J. L. Kennedy*, for respondent.

[1]Reported in 132 Pac. 415.

CROW, C. J.—This is a criminal action. The defendant was convicted and has appealed from the judgment and sentence entered upon a verdict.

The information charges that:

"One Annie Meese, in the county of King, state of Washington, on the 18th day of August, 1912, was then and there a delinquent child, in that she was then and there under the age of eighteen years, and was then and there a lewd and dissolute person, and did then and there knowingly associate with vicious, immoral and disreputable persons, and said Arthur Williams did then and there wilfully and unlawfully entice and encourage said Annie Meese to drink intoxicating liquors and to consort and associate with immoral and disreputable persons, and did then and there resort to a room with said Annie Meese for the purpose of committing, and did then and there commit an act of sexual intercourse with said Annie Meese, by which said acts said Arthur Williams did then and there wilfully and unlawfully encourage, cause and contribute to the delinquency of said Annie Meese."

Appellant contends that the trial court was without jurisdiction, and that the information did not state a crime. This prosecution was commenced under § 1, of ch. 153, Laws of 1909, p. 595 (Rem. & Bal. Code, § 2004), which provides that:

"In all cases where any child shall be a delinquent or neglected child, as defined by the statutes of this state, the parent or parents or persons having custody of such child, *or any other person*, responsible for, or by any act encouraging, causing or contributing to, the delinquency or neglect of such child, shall be fined in any sum not exceeding one thousand dollars ($1,000), or imprisoned in the county jail for a period not exceeding one (1) year, or punished by both such fine and imprisonment."

The facts constituting acts of delinquency on the part of the prosecuting witness, Annie Meese, are alleged in the language of the statute. The offense charged is statutory, and unknown to the common law. The information which charges

a statutory offense in the language of the statute, or in words of similar import, is sufficient.

Appellant contends that the trial judge erred in assuming jurisdiction, and in failing to assign the cause to the juvenile department of the superior court of King county. This prosecution, as above stated, is under ch. 153, Laws 1909, p. 595 (Rem. & Bal. Code, § 2004), but appellant's contention seems to be that it is a prosecution under ch. 190, Laws 1909, p. 668 (Rem. & Bal. Code, § 1987 *et seq.*). These chapters are separate and distinct, although grouped under the title "Delinquent Children, and Juvenile Courts" in Rem. & Bal. Code, §§ 1987-2004. At the trial, appellant challenged the jurisdiction of the judge of the criminal department. Responding thereto, the trial judge expressed a willingness to transfer the case to the juvenile department, but the appellant objected, presumably insisting upon a dismissal. There is nothing before us to show that appellant is a juvenile. The record indicates that he is of mature years. The cause was properly tried in the criminal department.

Appellant's remaining contention is that the trial court erred in denying his motion for an instructed verdict. Presenting this contention, he does not assail the sufficiency of the evidence to show his own improper conduct and immoral acts, nor does he contend that the complainant, Annie Meese, was not a child under eighteen years of age. His argument appears to be that the state failed to prove Annie Meese was a delinquent child at any time prior to the commission of the acts charged in the information, and that, by reason of such failure, he cannot be adjudged guilty of contributing to her delinquency. The definition of a delinquent child is found in § 1, ch. 190, Laws 1909, p. 668 (Rem. & Bal. Code, § 1987). There was undisputed evidence that the prosecuting witness, Annie Meese, had been guilty of immoral acts on several occasions prior to the act alleged in the information. It was also shown that the parties with whom she was associating were immoral. It was incumbent upon the state to

establish delinquency on the part of the prosecuting witness, Annie Meese. This was done by showing that she was a lewd and dissolute person, and that she had associated with, and was associating with, immoral and disreputable persons. A discussion of the evidence would serve no good purpose. It was sufficient to sustain a finding that Annie Meese was a delinquent child, and a further finding that the appellant contributed to her delinquency. No question is raised upon the evidence or instructions. Appellant was awarded a fair trial, and we fail to see how any other verdict than one of guilty could have been returned.

The judgment is affirmed.

MOUNT, CHADWICK, GOSE, and PARKER, JJ., concur.