JOSEPH HICKS HUDSON, Petitioner, *v.* CITY OF LAS VEGAS, NEVADA, Respondent.

No. 5012

December 30, 1965

409 P.2d 245

[Rehearing denied January 26, 1966]

*Robert L. Reid,* of Las Vegas, for Petitioner.

*Sidney R. Whitmore,* City Attorney, *James M. Bartley,* Deputy City Attorney, Las Vegas, for Respondent.

# OPINION

By the Court, BADT, J.:

Petitioner, Joseph Hicks Hudson, seeks a writ of prohibition from this court to restrain the municipal court of the City of Las Vegas from proceeding, without a jury, with his trial for violation of a city ordinance. He contends that the municipal court is without jurisdiction to proceed in that he is entitled under the Constitution to a jury trial since he is charged with a misdemeanor under the municipal ordinance of Las Vegas, and the same offense is covered by a state statute.

Petitioner was arrested July 24, 1965, in the City of Las Vegas, Clark County, Nevada, and charged with violating a municipal ordinance. The ordinance incorporates by reference certain acts which had been declared misdemeanors by the state and makes them misdemeanors under local law.[1]

The complaint charged petitioner with "* * * a misdemeanor, to wit: Contributing to the delinquency of a minor, * * * in that petitioner did * * * willfully and unlawfully cause or tend to cause a person under the age of 18, to wit: One BARRY HUDSON, to become a delinquent child as defined in NRS 201.090 (Sec. 8), by causing said Barry Hudson to be found in

---

[1]Las Vegas City Code: Sec. 6–1–34. "STATE MISDEMEANORS: The commission of any act within the Corporate Limits of the City, * * * which is made a misdemeanor by the Laws of the State is hereby declared to be and shall constitute a misdemeanor."

the BLACK ORCHID BAR, located at 'H' and Owen Streets, where alcoholic beverages are consumed, which occurred at approximately 11:00 PM, 7–24–1965, all of which is contrary to the form, force, and effect of TITLE VI of Chapter I, Section 34, of the Las Vegas City Code, and against the peace and dignity of the City of Las Vegas." (NRS 201.090–201.110).[2]

Petitioner entered a plea of "not guilty" to the charge and filed a written request for a jury trial. This request was denied by the Hon. Walter Richards, municipal judge, on August 20, 1965.

1. Petitioner asks this court to restrain the municipal court permanently from acting in this matter. The basis of his argument is that since the municipal ordinance under which he is charged is identical in language with that of the state statute, which allows a jury trial had he been prosecuted by the state, he is constitutionally entitled to a jury trial. Since the municipal court of Las Vegas does not hear jury trials, it is, he contends, without jurisdiction.

Although the United States Constitution specifically provides for trial by jury,[3] such right to a jury trial does not include the trial of numerous offenses, commonly described as "petty," which were summarily tried without a jury by justices of the peace in England and by police magistrates or corresponding judicial

---

[2]NRS 201.090. "As used in NRS 201.090 to 110, inclusive, unless the context otherwise requires, a 'dependent child' or 'delinquent child' means any person less than 18 years of age:

\* \* \* \* \*

"8. Who unlawfully visits a saloon where any spirituous, vinous or malt liquors are sold, bartered, exchanged or given away."

NRS 201.110. "Penalties. Any person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 18 to become a 'dependent child' or 'delinquent child,' as defined in NRS 201.090 to 201.110, inclusive \* \* \*."

[3]Art. III, Sec. 2. "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where said crimes shall have been committed \* \* \*."

Amendment VI. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury \* \* \*."

officers in the colonies. District of Columbia v. Clawans, 300 U.S. 617, 624, 57 S.Ct. 660, 81 L.Ed. 843 (1937). And in Schick v. United States, 195 U.S. 65, 70, 24 S.Ct. 826, 49 L.Ed. 99 (1904), it was this history that led the Supreme Court to conclude that "the intent [of the framers] was to exclude from the constitutional requirement of a jury the trial of petty criminal offenses." This right is applicable then only in those matters in which it existed anciently under the common law. District of Columbia v. Clawans, supra; U.S. v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964); Town of Montclair v. Stanoyevich, 6 N.J. 479, 79 A.2d 288 (1951); State v. Cousins, 97 Ariz. 105, 397 P.2d 217 (1964); Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 32 L.Ed. 223 (1888).

■■

Article I, Section 3 of the Constitution of Nevada provides that "the right of trial by jury shall be secured to all and remain inviolate forever." This court has held that this refers to the right of trial by jury as it existed at the time of the adoption of the Nevada Constitution, and does not confer any right thereto where it did not exist at that time. Parus v. District Court, 42 Nev. 229, 174 P. 706 (1918); Ex parte Sloan, 47 Nev. 109, 217 P. 233 (1923); State v. Steward, 74 Nev. 65, 323 P.2d 23 (1958). In State v. Ruhe, 24 Nev. 251, 52 P. 274 (1898), this court, after discussing summary procedure before police judges, held that the constitutional provision for a jury trial has not been considered as extending such right but simply as confirming and securing it as it was understood at common law. The offense charged in this complaint was unknown at common law. State v. Williams, 73 Wash. 678, 132 P. 415 (1913); People v. Caminiti, 28 N.Y.S.2d 133 (1941).

■■■

2. Petitioner insists that since the same act (contributing to the delinquency of a minor) is made punishable under state law, whereunder a trial by jury is permitted, NRS 186.010, the charge in the municipal court summarily without a jury, deprives him of the procedures guaranteed him in a trial in the justice's

court, including a jury trial. In support of this contention, he cites State v. Hoben, 256 Minn. 436, 98 N.W.2d 813 (1959), and several other cases. These cases do not support his contention since the position taken by the court in each instance is based on statutory rather than constitutional mandate. In this case there is no statutory guarantee of trial by jury when municipal ordinances and state statutes coincide.

In Ex parte Sloan, 47 Nev. 109, 217 P. 233 (1923), this court held that the same act could constitute both an offense against the state and against a municipal corporation, either of which could punish without violating any constitutional principles. This court there said: " 'The better doctrine therefore is that the municipality may exercise necessary implied authority in police control, in imposing penal regulations consistent with the constitution and laws of the state, although the act has been made a penal offense by statute.' 7 McQuillin's Municipal Corporations (Supplement), Sec. 878.

\* \* \* \* \*

"Violations of municipal ordinances belong to that class of minor offenses which were in general triable in a summary manner prior to the adoption of the several constitutions, and a denial of a jury trial in such cases is not a violation of general constitutional provisions.

\* \* \* \* \*

"In adopting general legislation as to the same acts, the legislature has declared it to be in the exercise of police powers of the state for the protection of the public health, peace, and morals. Acts made penal for such purposes by municipal ordinances have always been prosecuted without a jury under the common law." Id., at 119.

The court then cites with approval McInerney v. City of Denver, 17 Colo. 302, 29 P. 516 (1892):

"A careful examination of authorities has led us to the conclusion that, both in this country and in England, the transgression of municipal regulations enacted under the police power for the purpose of preserving

the health, peace and good order, and otherwise promoting the general welfare within cities and towns had, for more than a century prior to the adoption of our constitution, been generally prosecuted without a jury * * *."

This indeed is supported by a majority of the jurisdictions. See "Petty Federal Offenses and Trial by Jury," 39 Harvard L.Rev. 917, by Felix Frankfurter and Thomas G. Corcoran for an extensive and illuminating article; State v. Amick, 173 Neb. 770, 114 N.W.2d 893 (1962); State v. Lookabill, 176 Neb. 254, 125 N.W.2d 695, 126 N.W.2d 403 (1964); State v. Towne, 64 Wash.2d 581, 392 P.2d 818 (1964); Town of Montclair v. Stanoyevich, 6 N.J. 479, 79 A.2d 288 (1951); City of Oshkosh v. Lloyd, 255 Wis. 601, 39 N.W.2d 772 (1949).

3.   Petitioner makes a valiant attempt to distinguish our statutory "misdemeanors" from what the cases refer to as "petty offenses" under the common law, summarily tried without a jury. In Schick v. United States, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99 (1904), the majority opinion of the court finds much significance in the fact that in the original draft of the United States Constitution as reported by the committee the language was "the trial of all criminal offenses * * * shall be by jury," but by unanimous vote it was amended to read, "the trial of all crimes." It was then said: "The significance of this change cannot be misunderstood." It held that "it was obvious that the intent was to exclude from the constitutional requirement of a jury the trial of petty criminal offenses." Earlier the court had said that "the nature of the offense, and the amount of punishment prescribed, rather than its place in the statutes, determine whether it is to be classed among serious or petty offenses,—whether among crimes or misdemeanors," and cited Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888), as settling the matter.

By statute in Nevada all offenses recognized by the common law as crimes, and not enumerated in NRS

shall be punished: In the case of felonies by imprisonment in the state prison for not less than one year and in cases of misdemeanors by imprisonment in the county jail for not more than six months nor less than one month or by a fine not exceeding $500 or both. If committed to the state prison the party upon whom the fine is imposed shall be imprisoned at the rate of one day for each $2 until the fine is paid. When not sentenced to the state prison he is committed to the county jail on the same basis. NRS 193.180. Every crime which may be punished by death or imprisonment in a state prison is a felony. Every crime punishable by a fine of not more than $500 or by imprisonment in a county jail for not more than six months is a misdemeanor. Every other crime is a gross misdemeanor. NRS 193.120. Our statutes do not use the term "petty offense." The majority rule appears to equate "petty offense" with "misdemeanor." Therefore, petitioner's contention in this regard is without merit.

4. Petitioner cites a number of provisions of the criminal practice act from which he draws the inference, or argues from analogy, that persons charged with a misdemeanor, as well as those charged with the commission of a felony, are constitutionally and by statute entitled to a jury trial. We have considered these contentions, as well as further arguments made in the petitioner's opening and reply briefs, and find no merit in any of them.

The petition is denied and the proceedings dismissed.

THOMPSON, J. and ZENOFF, D. J., concur.

MCNAMEE, C. J., being incapacitated, the Governor assigned Honorable David Zenoff of the Eighth Judicial District Court to sit in his place.