RICHARD WASDEN KIMBALL, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 14482

March 29, 1984                                      678 P.2d 675

*Powell & Lambrose,* Carson City, for Appellant.

---

[telling Wosser personnel to perform extra work], but that doesn't necessarily mean I didn't say it. I mean, I don't recall."

*Brian McKay,* Attorney General, Carson City; *William A. Maddox,* District Attorney, and *Charles P. Cockerill,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*[1]

This is an appeal from a judgment of conviction of misdemeanor battery, as a lesser-included offense of battery with substantial bodily harm, a gross misdemeanor. Appellant contends that his judgment of conviction is void because the district court lacks jurisdiction to convict and sentence on a misdemeanor, notwithstanding the fact that the misdemeanor is a lesser-included offense of the initially charged gross misdemeanor. This contention is without merit.

The original jurisdiction of the district court is in fact limited to felonies and gross misdemeanors, *see* Nev. Const. art. 6, § 6, and original jurisdiction over misdemeanors generally lies with the justice's court, *see* NRS 4.370(3). Once a district court properly obtains original jurisdiction over a defendant by virtue of a felony or gross misdemeanor charge, however, its jurisdiction is maintained to convict and sentence on any lesser-included offense, even if that offense is a misdemeanor. *See* People v. Spreckels, 270 P.2d 513 (Cal.Ct.App. 1954); *cf.* Dicus v. District Court, 97 Nev. 273, 625 P.2d 1175 (1981) (adult court, once it properly obtained original jurisdiction from juvenile court by virtue of attempted murder charge, retained jurisdiction to convict and sentence on lesser-included offense, even when lesser-included offense, if charged alone at the outset of the proceedings, would not have removed case from juvenile court jurisdiction).

The judgment of conviction is affirmed.

---

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon the request of the district court, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our Order Dismissing Appeal filed January 25, 1984. *See* Yosemite Ins. v. State Farm Mut., 98 Nev. 460, 461 n.1, 653 P.2d 149 (1982).