SHERIFF, WASHOE COUNTY, NEVADA, Appellant,
*v.* HARVEY WU, Respondent.

No. 16156

November 5, 1985                                708 P.2d 305

*Brian McKay,* Attorney General, Carson City, *Mills Lane,* District Attorney, Washoe County, for Appellant.

*W. H. Tobeler,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On May 6, 1984, appellant Harvey Wu was arrested by a Nevada Highway Patrol officer and charged with violating Washoe County Code 70.3865 (driving under the influence of intoxicants). Wu was cited to appear in the Justice's Court of Reno Township where he subsequently entered a plea of not guilty. It is undisputed that Wu was observed and arrested within the Reno city limits.

At the conclusion of the state's case, Wu's attorney moved to dismiss for lack of jurisdiction. Wu asserted that exclusive jurisdiction was vested in the Reno Municipal Court. Wu's motion was denied; however, a subsequent writ of habeas corpus predicated on the same ground was granted by the Second Judicial District Court. The state now appeals the granting of the habeas corpus.

On this appeal we must determine whether a municipal court has exclusive jurisdiction over offenses, occurring within the municipality, which are violations of both municipal ordinances and the laws of another governmental agency, the county or state.

It is well settled that a municipality may pass ordinances prohibiting acts already prohibited by state statute. *Hudson v. City of Las Vegas*, 81 Nev. 677, 409 P.2d 245 (1965); *Ex Parte Sloan*, 47 Nev. 109, 217 P. 233 (1923). However, the mere passage of an ordinance by a municipality which prohibits an act already prohibited does not prevent other governmental agencies from enforcing its laws. As we stated in *Sloan:*

> There is a conflict of authority upon this question. The decided weight of authority, however, is to the effect that the same act may constitute an offense both against the state and a municipal corporation. "Indeed," says Judge Cooley, in his work on Constitutional Limitations (7th ed.) p. 279, "an act may be a penal offense under the laws of the state, and further penalties, under proper legislative authority, be imposed for its commission by municipal by-laws, and the enforcement of the one would not preclude the enforcement of the other."

47 Nev. at 115, 217 P. at 235; *see also* Ex Parte Siebenhauer, 14 Nev. 365 (1879).

With these principles in mind, we turn now to construction of NRS 484.803(1). That section reads:

> 484.803 Appearance before magistrate having jurisdiction.
>
> 1. Whenever any person is taken before a magistrate or is given a written traffic citation containing a notice to appear before a magistrate as provided for in NRS 484.799, the magistrate must be a justice of the peace or municipal judge who has jurisdiction of the offense and is nearest or most accessible with reference to the place where the alleged violation occurred, except that when the offense is alleged to have been committed within an incorporated municipality wherein there is an established court having jurisdiction of the offense, the person must be taken without unnecessary delay before that court.

Wu's position is that the statutory language vests exclusive jurisdiction in municipal courts "when the offense is alleged to have been committed within an incorporated municipality wherein there is an established court having jurisdiction of the offense." That is to say: even when a person commits a traffic violation which offends county or state ordinance or regulation, the violation must be prosecuted in the municipal court *only* when the offense is alleged to have been committed within the city limits.

The statute can be read grammatically in a manner consistent with Wu's interpretation; however, doing so would be contrary with Article 6, Section 9 of the Nevada Constitution, which does not permit legislative fixing of municipal court jurisdiction to be in "conflict with that of the several courts of record."[1] Wu's reading would result in the deprivation of jurisdiction of a court of record, the justice's court, over traffic violations committed within the jurisdictional area of the justice's court.

The subject clause could also be permissibly read simply to require that when an offense was to be properly charged before a municipal court, the person charged "must be taken without unnecessary delay before that court."

Where a statute may be given conflicting interpretations, one

[1]Article 6, Section 9, Constitution of the State of Nevada reads as follows:

Municipal Courts. Provision shall be made by law prescribing the powers[,] duties and responsibilities of any Municipal Court that may be established in pursuance of Section One, of this Article; and also fixing by law the jurisdiction of said Court so as not to conflict with that of the several courts of Record.

rendering it constitutional, and the other unconstitutional, the constitutional interpretation is favored. Koscot Interplanetary Inc. v. Draney, 90 Nev. 450, 530 P.2d 180 (1974). Accordingly we adopt an interpretation which is not in conflict with the Constitution and hold the language to mean that when a traffic violation occurs within municipal boundaries a violator may be prosecuted in either a municipal court or justice's court having jurisdiction of the offense. In either event the violator must be taken without unnecessary delay before that court in which the charge is brought.

Charges could properly have been brought against Wu in the Reno Justice's Court; therefore, the district court erred in granting the writ of habeas corpus. The order granting habeas corpus is reversed, and the writ is quashed.