K.J.B. INC., A NEVADA CORPORATION, PETITIONER, *v.* SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE JERRY CARR WHITEHEAD, DISTRICT JUDGE, RESPONDENTS.

No. 17867

November 20, 1987                    745 P.2d 700

---

474

*Douglas Norberg,* Reno, for Petitioner.

*Smith & Corder,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This original petition for a writ of prohibition challenges an order of the district court granting a temporary writ of restitution to real party in interest Emmett Kelly, and ordering petitioner, K.J.B. Inc., to vacate certain real property in Reno, Nevada. We conclude that the district court exceeded its jurisdiction in issuing the writ of restitution, and therefore we grant this petition.

The predecessors in interest of Kelly and KJB entered into a lease agreement on July 1, 1977. Disputes over rent arose between Kelly and KJB in 1985. Kelly commenced an unlawful detainer action in the justice's court, and the justice of the peace scheduled a hearing for October 8, 1985. The parties, however, entered into negotiations on October 7, 1985, and the unlawful detainer action was continued and eventually abandoned. Although the negotiations never resulted in any written agreement, KJB continued to occupy the real property and to pay rent in an increased amount until November of 1986. In December, 1986, when KJB tendered a check for rent to Kelly in an amount less than the amount KJB had paid in the preceding thirteen months, Kelly served a thirty-day notice to quit on KJB.

On December 19, 1986, Kelly commenced an action in the district court alleging unlawful detainer and seeking damages in excess of $10,000 on theories of failure to repair and waste. KJB answered the complaint and, as an affirmative defense, asserted that the district court lacked subject matter jurisdiction over the unlawful detainer portion of the complaint. KJB moved for dismissal of the unlawful detainer action. The district court rejected KJB's challenge to its jurisdiction, granted a temporary writ of restitution to Kelly pending trial, and ordered KJB to vacate the real property by a date certain. This petition followed.

KJB contends that the district court exceeded its jurisdiction in

issuing a writ of restitution in this case. Specifically, KJB contends that the justices' courts have exclusive, original subject matter jurisdiction over disputes for possession of land in any case where the relation of landlord and tenant is involved, regardless of the amount of any ancillary claims for damages. According to KJB, the district courts have only appellate jurisdiction in such cases. We note that this argument presents an issue of statutory construction which is a question of first impression in Nevada.[1]

Prior to 1978, the Nevada Constitution allowed the district courts and the justices' courts to exercise concurrent jurisdiction in some areas, including unlawful detainer actions. In 1978, however, Article 6, section 6 of the Nevada Constitution was amended to provide, in part: "The District Courts . . . shall have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts." Therefore, the district courts have no original jurisdiction in matters in which the justices' courts have original jurisdiction. In short, concurrent jurisdiction between the district courts and the justices' courts can no longer exist.

In 1981, the legislature amended NRS 4.370 to make it consistent with the relevant 1978 amendment to the constitution. As amended, NRS 4.370 now provides for the original jurisdiction of the justices' courts as follows:

> 1. Except as limited by subsection 2, justices' courts have jurisdiction of the following civil actions and proceedings and no others except as provided by specific statute:
>
> . . .
>
> (g) Of actions for the possession of lands and tenements where the relation of landlord and tenant exists.
>
> (h) Of actions when the possession of lands and tenements has been unlawfully or fraudulently obtained or withheld, if damages are sought and the damages claimed do not exceed $2,500.

Thus, by the express terms of this statute, it appears that the justices' courts enjoy exclusive original jurisdiction over all actions for possession of lands if the relation of landlord and tenant exists.[2]

---

[1]Kelly has cited three cases to this court which Kelly contends are relevant to the issue now before this court. *See* Gasser v. Jet Craft Ltd., 87 Nev. 376, 487 P.2d 346 (1971); Waugh v. Casazza, 85 Nev. 520, 458 P.2d 359 (1969); Volpert v. Papagna, 83 Nev. 429, 433 P.2d 533 (1967). We note, however, that the statute and constitutional provisions involved in the present case have been substantially amended since the decision of these cases. Therefore, these cases shed very little light on the issue now before this court.

[2]The legislative history of NRS 4.370, although limited, appears to support this conclusion. Frank Daykin, legislative counsel and drafter of the

Kelly argues, however, that subsections (g) and (h) of NRS 4.370, when read together, provide that the justices' courts have original jurisdiction over unlawful detainer actions when the amount of damages sought is less than $2,500, but that the district courts have such jurisdiction if the amount of damages exceeds $2,500. Such a construction of the statute would effectively amend subsection (g) to add the words "unless damages in excess of $2,500 are sought." Further, the phrase "actions *for* possession of lands and tenements where the relation of landlord and tenant exists" in subsection (g) was apparently intended to have a different meaning than the phrase "actions *when* the possession of lands and tenements has been unlawfully or fraudulently obtained or withheld, if damages are sought . . ." in subsection (h).

Subsections (g) and (h) are a part of a list of subsections providing the jurisdiction of the justices' courts. Each subsection stands on its own without reference to the others. Significantly, subsection (g) is the only subsection that does not include a specific monetary limit. Thus, construing the statute to impose a monetary limit in subsection (g) would render nugatory the express language of the statute and would be contrary to the intent of the legislature. We therefore reject such a construction. *See* Nevada Tax Comm'n v. Bernhard, 100 Nev. 348, 683 P.2d 21 (1984) (statute should be construed to give meaning to all of its parts); *see also* Nevada State Personnel Div. v. Haskins, 90 Nev. 425, 529 P.2d 795 (1974).

We conclude, therefore, that original jurisdiction over landlord-tenant disputes for possession of lands and tenements is vested exclusively in the justices' courts. Although the district court had jurisdiction to entertain Kelly's cause of action for damages, it lacked jurisdiction over Kelly's unlawful detainer action. The district court, therefore, exceeded its jurisdiction by granting Kelly a temporary writ of restitution. Accordingly, we grant this petition. The clerk of this court shall forthwith issue a writ of prohibition precluding the district court from enforcing its order granting Kelly a temporary writ of restitution and from

amendments to NRS 4.370, explained that NRS 4.370, as amended, would vest exclusive jurisdiction over disputes for possession of real property between landlords and tenants in the justices' courts. Daykin recognized that the statute would require separate actions for possession and damages in some cases because the Nevada Constitution no longer allows for concurrent jurisdiction, but Daykin suggested that a defendant should not be allowed to delay an action for possession of land by forcing the matter into the district court. *See* Minutes of Assembly Committee on Judiciary, March 3, 1981.

exercising any jurisdiction over Kelly's action for possession of the subject real property.[3]

---

[3]In light of this order, we deny Kelly's request for attorney's fees and costs.