THE STATE OF NEVADA, Appellant, *v.* TIMOTHY
JACK KOPP, Respondent.

No. 36457

April 5, 2002                                      43 P.3d 340

Maupin, C. J., dissented.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart
L. Bell,* District Attorney, *Brian S. Rutledge,* Chief Deputy
District Attorney, and *Mary P. Brown,* Deputy District Attorney,
Clark County, for Appellant.

*Marcus D. Cooper,* Public Defender, and *Darin F. Imlay,*
Deputy Public Defender, Clark County, for Respondent.

## OPINION

By the Court, AGOSTI, J.:

This case presents an issue of first impression regarding whether a district court acquires jurisdiction over misdemeanors that have been joined in a single indictment or information with a felony or gross misdemeanor. We conclude that district courts do not acquire jurisdiction over misdemeanors under such circumstances.

On October 14, 1999, Timothy Kopp was subdued and arrested by officers of the Las Vegas Metropolitan Police Department following a high-speed car chase that ended at the City Limits Bar on Las Vegas Boulevard. After Kopp's arraignment in the justice's court, the State presented the facts of the case to a grand jury, and subsequently, the grand jury indicted Kopp on the following three counts: (1) failing to stop at the signal of a police officer, a felony under NRS 484.348(3); (2) driving and/or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor, a misdemeanor under NRS 484.379; and (3) resisting arrest, a misdemeanor under NRS 199.280(2). Upon the

issuance of the indictment, the State moved for dismissal of the criminal complaint in the justice's court.

Thereafter, Kopp filed a motion in the district court to dismiss the misdemeanor charges, arguing that the district court lacked jurisdiction over them. After reviewing Kopp's motion to dismiss and the State's motion in opposition, the district court ruled that it lacked jurisdiction over the misdemeanor charges and dismissed them. It is this ruling the State challenges on appeal.

The question posed in this appeal is whether NRS 173.115 grants jurisdiction to the district court over a misdemeanor joined with a felony or gross misdemeanor in a single indictment or information. NRS 173.115 states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, *whether felonies or misdemeanors or both,* are:
> 1.   Based on the same act or transaction; or
> 2.   Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(Emphasis added.)

It is the State's position that the district court acquires jurisdiction over misdemeanors that are joined with a felony or gross misdemeanor in a single indictment or information. The State contends that since criminal cases may only come before district courts by way of an indictment or information,[1] it is reasonable to conclude that the legislature intended that the district courts have jurisdiction over any misdemeanor that has been joined with a felony or gross misdemeanor. Furthermore, the State submits that its interpretation of NRS 173.115 is in harmony with NRS 4.370(3), which provides:

> Justices' courts have jurisdiction of all misdemeanors and no other criminal offenses *except as otherwise provided by specific statute.*

(Emphasis added.) According to the State, while justices' courts generally have exclusive jurisdiction over misdemeanors under NRS 4.370(3), NRS 173.115 articulates a specific instance when the district court acquires jurisdiction over misdemeanors. Essentially, the State contends that NRS 173.115 gives the district court a kind of supplemental jurisdiction over misdemeanors when those misdemeanors are joined together with felonies or gross misdemeanors in one indictment or information.

In contrast, Kopp argues that were this court to adopt the

---

[1]*See* Nev. Const. art. 1, § 8, cl. 1; NRS 173.015; *see also Seim v. State,* 95 Nev. 89, 98, 590 P.2d 1152, 1157 (1979) (discussing criminal procedure in district courts).

State's interpretation of NRS 173.115 then that statute would conflict with the Nevada Constitution and NRS 4.370(3) because the district courts and justices' courts may not exercise concurrent jurisdiction over misdemeanors. For support, Kopp cites to our decision in *K.J.B. Inc. v. District Court*,[2] in which we stated:

> Prior to 1978, the Nevada Constitution allowed the district courts and the justices' courts to exercise concurrent jurisdiction in some areas, including unlawful detainer actions. In 1978, however, Article 6, section 6 of the Nevada Constitution was amended to provide, in part: "The District Courts . . . shall have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts." Therefore, the district courts have no original jurisdiction in matters in which the justices' courts have original jurisdiction. In short, concurrent jurisdiction between the district courts and the justices' courts can no longer exist.[3]

According to Kopp, NRS 173.115 is most reasonably interpreted as only permitting the joinder of felonies and those misdemeanors which are denominated as gross misdemeanors, which is consistent with the fact that the district courts' original jurisdiction in criminal cases is limited to felonies and gross misdemeanors.[4]

The question of whether NRS 173.115 grants jurisdiction to the district court over a misdemeanor that is joined with a felony or gross misdemeanor in a single indictment or information is a question of first impression. Under Nevada law, the construction of a statute is a question of law that we review de novo.[5] When the language of a statute is unambiguous, the courts are not permitted to look beyond the statute itself when determining its meaning.[6] However, when a statute is susceptible to reasonable but inconsistent interpretations, the statute is ambiguous, and this court will resort to statutory interpretation in order to discern legislative intent.[7] We conclude that NRS 173.115 is ambiguous because, as demonstrated by the parties, its language is susceptible to more than one reasonable interpretation. NRS 173.115 does

---

[2]103 Nev. 473, 745 P.2d 700 (1987).

[3]*Id.* at 475, 745 P.2d at 701 (quoting Nev. Const. art. 6, § 6).

[4]*See Kimball v. State,* 100 Nev. 190, 191, 678 P.2d 675, 676 (1984) (stating that "[t]he original jurisdiction of the district court is in fact limited to felonies and gross misdemeanors").

[5]*Gallagher v. City of Las Vegas,* 114 Nev. 595, 599, 959 P.2d 519, 521 (1998).

[6]*Erwin v. State of Nevada,* 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995).

[7]*Gallagher,* 114 Nev. at 599, 959 P.2d at 521.

not mention the term "gross misdemeanors," creating an ambiguity as to the type of "misdemeanors" NRS 173.115 was intended to include. Accordingly, we must turn to our rules of statutory interpretation in order to discern the meaning of NRS 173.115.

Standard rules of statutory interpretation direct us to conclude that NRS 173.115 does not grant the district court jurisdiction over misdemeanors that are joined with a felony or gross misdemeanor in a single indictment or information. It is well settled that when "a statute may be given conflicting interpretations, one rendering it constitutional, and the other unconstitutional, the constitutional interpretation is favored."[8] Here, the interpretation advanced by the State would grant the district and justices' courts concurrent jurisdiction over misdemeanors, a result that is directly at odds with the intent of Article 6, Section 6 of the Nevada Constitution. As we explained in *K.J.B.*, the purpose behind the 1978 amendment to Article 6, Section 6 of the Nevada Constitution was to do away with concurrent jurisdiction between the district and justices' courts.[9] Interpreting NRS 173.115 as applying to gross misdemeanors, rather than all misdemeanors, avoids any constitutional conflict because the district courts have original jurisdiction over gross misdemeanors.[10]

Further, it appears that the legislature used the generic term "misdemeanors" when NRS 173.115 was enacted because, at that time, the district court had original jurisdiction over the misdemeanor offense of battery on a police officer.[11] Therefore, when the legislature used the term "misdemeanors" in NRS 173.115, it was acknowledging the fact that the original jurisdiction of the district courts extended to both gross misdemeanors and the misdemeanor offense of battery on a police officer.[12] Thus, the legis-

---

[8]*Sheriff v. Wu*, 101 Nev. 687, 689-90, 708 P.2d 305, 306 (1985).

[9]103 Nev. at 475, 745 P.2d at 701.

[10]We see no persuasive reason for expanding the logic of our decision in *Kimball* to the facts of this case. *Kimball* stands for the proposition that district courts have jurisdiction over lesser-included misdemeanors, not that they have jurisdiction over any misdemeanor whenever it is joined with a felony or gross misdemeanor. 100 Nev. at 191, 678 P.2d at 676.

[11]*Battiato v. Sheriff*, 95 Nev. 361, 362, 594 P.2d 1152, 1153 (1979) (stating that "original jurisdiction of the offense of misdemeanor battery on a police officer lies in the district court").

[12]NRS 173.115 was enacted in 1967. 1967 Nev. Stat., ch. 523, § 112, at 1413. Eleven years later, the Nevada Constitution was amended, and concurrent jurisdiction between the district and justices' courts was eliminated. *See K.J.B.*, 103 Nev. at 475, 745 P.2d at 701. NRS 173.115, however, has not been amended since it was first enacted.

lature was not attempting to grant the district court a type of "supplemental" jurisdiction over all misdemeanors as proposed by the State.[13]

Finally, we conclude that it is not reasonable to interpret NRS 173.115 as granting jurisdiction to the district court over a misdemeanor that is joined with a felony or gross misdemeanor in a single indictment or information. We have long adhered to the position that a statute should be interpreted "in light of the policy and the spirit of the law, and the interpretation should avoid absurd results."[14] Additionally, we have consistently held that we will resolve any doubt concerning the legislature's intent in favor of what is reasonable, versus what is unreasonable.[15] It is more reasonable to interpret NRS 173.115 as not granting district courts jurisdiction over misdemeanors under these circumstances because it avoids the unreasonable result of having an overburdened district court system, as well as an underutilized justices' court system. Since felony arrests often involve additional misdemeanor charges, it is likely that the district courts would experience an increase of misdemeanor counts under the State's interpretation of NRS 173.115. Meanwhile, the justices' courts would experience a corresponding decrease in their criminal cases. This result is unreasonable as well because it invests the executive authority, the district attorney, with discretion to decide which court, the district or the justices' court, will exercise jurisdiction over a misdemeanor charge. This result would also defeat the broader public policies behind having one set of specially equipped courts dealing with misdemeanor offenses and another set of specially equipped courts handling more serious offenses.[16] The legislature would not have intended such a blurred result.

Based on the foregoing, we conclude that NRS 173.115 refers to gross misdemeanors and felonies, and not to misdemeanors. Moreover, after careful consideration of all of the State's arguments, we expressly reject the State's contention that NRS 173.115 should be interpreted as granting jurisdiction to district courts over a misdemeanor that is joined with a felony or gross misdemeanor in a single indictment or information. Accordingly, we affirm the decision of the district court.

---

[13]Currently, under NRS 200.481, the battery of a police officer is treated as either a gross misdemeanor or a felony, depending on the nature of the offense.

[14]*Hunt v. Warden,* 111 Nev. 1284, 1285, 903 P.2d 826, 827 (1995).

[15]*Id.*

[16]Contrary to the State's assertions, concerns of judicial economy and case management actually weigh against the adoption of the State's interpretation of NRS 173.115.

LEAVITT, J., concurs.

MAUPIN, C. J., dissenting:

I would reverse and remand this matter for trial on all of the charges in district court.

Article 6, Section 6 of the Nevada Constitution was amended in 1978 to provide, inter alia, "[t]he District Courts . . . have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts."[1] In *K.J.B.* we made the general statement that this amendment eliminated concurrent jurisdiction between the district and justice courts in this state. However, that statement was made in the context of unlawful detainer actions and the question of a statute defining the power of a district court to entertain criminal matters was not before the court in *K.J.B.* With that in mind, I will turn to the question of whether the statutory construct litigated in this matter is in compliance with Article 6 of the Nevada Constitution.

NRS 173.115 provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are:
> 1. Based on the same act or transaction; or
> 2. Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

This statute, enacted in 1967 before Article 6 was amended, refers to indictments and informations, pleadings which can only commence criminal prosecutions in Nevada district courts. The use of the term "misdemeanor" by its terms includes gross and simple misdemeanor offenses. Thus, NRS 173.115 clearly and specifically gives the district court jurisdiction to hear both categories of offenses when all relate to a single transaction, as is the case here. This satisfies NRS 4.370(3), which provides that:

> Justices' courts have jurisdiction of all misdemeanors and no other criminal offenses except as otherwise provided by specific statute.

As noted, NRS 173.115 specifically creates an exception to the general requirement of NRS 4.370(3). Because Article 6 gives the state legislature the power to define the jurisdiction of the various levels of our trial court system, the specific legislative exception in NRS 173.115 to the general statement of justice court jurisdiction in NRS 4.370(3) is not unconstitutional. That NRS

---

[1]*See K.J.B. Inc. v. District Court,* 103 Nev. 473, 475, 745 P.2d 700, 701 (1987).

173.115 was enacted prior to the amendment to Article 6 should not, at least in my view, change this analysis. Had the legislature determined that the intervening amendment to the Constitution rendered the statute nugatory, it could have effected a repealer at any time since 1978. The continuing existence of the provision simply indicates the will of the legislature that it was unnecessary to repeal NRS 173.115 because there is nothing in that provision that is inconsistent with Article 6, Section 6, as amended. Simply stated, NRS 173.115 clearly and specifically gives the district court jurisdiction over misdemeanors under limited circumstances.

The majority is concerned that the State's position will have an adverse effect on district court dockets and will considerably lighten the burden that now exists on municipal and justice courts in this state. This should not be a consideration at this juncture. First, there is nothing in this record to suggest such a result. Second, the public policy consideration arising from the majority's concern, the allocation of judicial resources, should be resolved by the legislature, and not by us.

Thus, as noted, I would reverse the dismissal of the misdemeanor counts in this case.