An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

LINDA COONEY A/K/A LINDA RAE
COONEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62226

FILED

OCT 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a petition for a writ of mandamus or prohibition. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 637 P.2d 534 (1981).[1] Appellant Linda Cooney contends that the district court abused its discretion by denying her petition because the justice court's refusal to grant a continuance prevented her from exercising her constitutional right to testify in her own defense. *See* U.S. Const. Amends. V, VI, XIV, § 1; *Rock v. Arkansas,* 483 U.S. 44, 51 (1987). However, as Cooney admits, it is not the denial of the continuance that makes Cooney reluctant to exercise her right to testify before the justice court, but the pending felony charges

---

[1]We focus on Cooney's request for a writ of mandamus as she did not assert a claim that challenged the justice court's jurisdiction. *See* NRS 34.320 (providing that writ of prohibition is available to halt proceedings occurring in excess of a court's jurisdiction).

in district court. Cooney fears that by defending herself against misdemeanor battery she will incriminate herself in a separate proceeding for felony stalking. Of course, nothing prevents Cooney from making the opposite argument that by defending herself against felony stalking she will incriminate herself in a subsequent proceeding for misdemeanor battery, thus requiring the district court to also continue the proceeding for felony stalking. Even if we were to grant Cooney's request to overrule our decision in *State v. Kopp*, 118 Nev. 199, 204, 43 P.3d 340, 343 (2002),[2] and allow her to join the misdemeanor battery and felony stalking charges in a single proceeding before the district court, Cooney would be in no better position. She would still have to decide whether to defend herself against one charge and risk incriminating herself with respect to the other. Cooney has not convinced us that her dilemma deprives her of her constitutional right to testify. *Cf. Williams v. Florida*, 399 U.S. 78, 83-84 (1970) ("That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination."); *see also United States v. Hung Thien Ly*, 646 F.3d 1307, 1314-15 (11th Cir. 2011) ("[T]he right to testify is a right to choose between the competing rights of testifying and remaining silent."). And because Cooney presented no binding case law requiring the justice court to grant Cooney's request for a continuance, thereby solving her dilemma,

---

[2]We note that Cooney makes this argument for the first time on appeal. "This court will not consider issues raised for the first time on appeal." *State v. Wade*, 105 Nev. 206, 209 n.3, 772 P.2d 1291, 1293 n.3 (1989).

we conclude that the district court did not abuse its discretion by denying Cooney's petition, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Valerie Adair, District Judge
     Las Vegas Defense Group, LLC
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.