## IN THE SUPREME COURT OF THE STATE OF NEVADA

ZANE MICHAEL FLOYD,
Appellant,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHAEL
VILLANI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83167

FILED

FEB 24 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges the authority and jurisdiction of Department 17 in the Eighth Judicial District Court to issue an order or warrant of execution for petitioner Zane Floyd and to consider Floyd's postconviction habeas petition.

"A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (internal quotation marks, footnote, and alterations omitted); *see also* NRS 34.160. The petition presents a pure legal issue. And although Floyd has an adequate remedy to challenge Department 17's authority to resolve a postconviction habeas petition challenging his conviction or sentence—he can appeal from any adverse decision on that

22-06005

petition, *see* NRS 34.575(1)—it does not appear that he has another adequate remedy to challenge Department 17's authority to issue an order or warrant of execution. We therefore elect to exercise our discretion to consider the merits of Floyd's petition for a writ of mandamus.[1] *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194 (2020).

Floyd argues that Department 5 in the Eighth Judicial District Court is the only court permitted to hear any postconviction matters and to issue an order and warrant of execution because it is the court where the conviction and death sentence were obtained and where previous postconviction habeas petitions were considered. In support of his position, Floyd points to language from three provisions in NRS chapter 176 addressing new orders to execute a judgment of death that has not yet been executed as well as language in NRS 34.730.

---

[1]Floyd alternatively argues for a writ of prohibition, but his arguments do not implicate the district court's jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[T]he term jurisdiction means . . . the courts' statutory or constitutional *power* to adjudicate the case." (internal quotation marks omitted)). The district courts have jurisdiction over felonies and gross misdemeanors and over postconviction habeas petitions filed by persons held in custody or convicted in their respective districts. *See* Nev. Const., art. 6, § 6 (providing that district courts have jurisdiction over, among other things, cases excluded from the original jurisdiction of the justice courts and the power to issue writs of habeas corpus); NRS 34.738 (delineating where certain postconviction habeas petitions must be filed); *Kimball v. State*, 100 Nev. 190, 1981, 678 P.2d 675, 676 (1984). And the judges within a district "have concurrent and coextensive jurisdiction within the district." NRS 3.020. Thus, Department 17 has as much jurisdiction over the execution of Floyd's death sentence and his postconviction habeas petition(s) as any other department in the district. We therefore deny Floyd's petition for a writ of prohibition.

We disagree with Floyd's narrow interpretation of "the court" as used in NRS 176.495 and NRS 176.505(1) and (2)—that it refers specifically and narrowly to the *department* in which the conviction or sentence was obtained. The statutes' plain language lends itself to a broader interpretation, encompassing an entire judicial district, not a specific department within the judicial district. *See Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 408, 451 P.3d 891, 894 (2019) (recognizing that this court will consider questions of statutory interpretation de novo, beginning with the text of the statutes). This broader interpretation is consistent with how the term is used in other statutes. *See, e.g.*, NRS 1.235(5)(a) (referencing the transfer of a "case to another department of the court, if there is more than one department of the court in the district"); NRS 32.120 (defining "court" as a district court in Nevada for purposes of the Uniform Commercial Real Estate Receivership Act); NRS 132.116 (regarding wills and estates, "'District court' or 'court' means a district court of this State sitting in probate"); NRS 166A.060 ("'Court' means a district court of this State" for the Nevada Uniform Custodial Trust Act); NRS 176.211(8)(a) (defining "court" as a district court of Nevada for the purpose of deferring judgment); NRS 176A.030 ("'Court' means a district court of the State of Nevada" for purposes of probation and suspension of sentence); *see also* 1967 Nev. Stat., Ch. 523, § 246, at 1434 (a statute added at the same time, and as part of the same bill, as NRS 176.495 that defined "court" as "a district court of the State of Nevada" but not specifically applying that definition to NRS 176.495).[2] We are unpersuaded

---

[2]Additionally, court rules demonstrate a similar understanding of the word "court." *See, e.g.*, N.R.Cr.P. 2(1) (describing cases being "randomly assigned to a department of the court"); EDCR 1.12(c) ("'Court' means the

by Floyd's reliance on *Rainsberger v. State*, 85 Nev. 22, 449 P.2d 254 (1969), as the since-repealed statutory provision at issue in that case used materially different language than the statutes cited by Floyd in this case. *See Loughrin v. United States*, 573 U.S. 351, 358 (2014) ("[W]hen [the Legislature] includes particular language in one section of a statute but omits it in another—let alone in the very next provision—this Court presumes that [the Legislature] intended a difference in meaning." (internal quotation marks and alteration omitted)). Accordingly, the plain meaning of "the court" in NRS 176.495 and NRS 176.505(1) and (2) is the district court where the conviction or death sentence was obtained and is not limited to a specific department within that court. Floyd's case is being heard in the court in which his conviction and sentence were obtained, the Eighth Judicial District Court, thus satisfying NRS 176.495 and NRS 176.505.

Floyd's related argument involving NRS 34.730(3)(b) is similarly without merit. The statute plainly contemplates that there may be circumstances when a postconviction habeas petition will not be "assigned to the original judge or court." NRS 34.730(3)(b) (stating a postconviction habeas petition challenging the validity of a conviction or sentence must be, *"[w]henever possible*, assigned to the original judge or court" (emphasis added)). And in the Eighth Judicial District Court, the chief judge can "assign or reassign all cases pending in the district." EDCR 1.60(a). Moreover, EDCR 1.30(b)(15) allows the chief judge to "[r]eassign cases from a department to another department as convenience or necessity requires." *See also* N.R.Cr.P. 2(1)(B) (requiring a case to remain in the same department until final disposition unless the chief judge assigns the case as

---

district court."); WDCR 20 ("Prospective jurors who have been assigned for service in a department of the court . . . .").

part of "a plan of court-wide case management"). Given the plain language of NRS 34.730(3)(b), Floyd has not shown that his postconviction habeas petition(s) must be heard in Department 5.

Because we conclude that Floyd has not shown that the district court is required as a matter of law to transfer his criminal case and postconviction case(s) to Department 5 of the Eighth Judicial District Court, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Michael Villani, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A