BIG THREE INDUSTRIES, INC. and Robert S. Calvert, Comptroller of Public Accounts, Appellants,

v.

KEYSTONE INDUSTRIES, INC., Appellee.

No. 11849.

Court of Civil Appeals of Texas, Austin.

Oct. 27, 1971.

Rehearing Denied Nov. 17, 1971.

Vickery, McConnell & Rowland, Charles R. Vickery, Jr., Houston, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace and Gordon C. Cass, Asst. Attys. Gen., Austin, for appellants.

Butler, Binion, Rice, Cook & Knapp, Charles G. King, III, Houston, for appellee.

PHILLIPS, Chief Justice.

The question for decision here is whether Big Three Industries, Inc. is liable for a 2% sales tax (Article 20.02, Title 122A, Taxation-General, Revised Civil Statutes of Texas, V.A.T.S.), to the State of Texas upon its sale of an airplane to Keystone Industries, Inc. Big Three Industries, Inc. is a Texas corporation primarily engaged in the business of producing industrial gases which it sells at retail under a sales tax permit issued by Comptroller Robert Calvert. Big Three Industries, Inc. is not in the business of selling airplanes and the airplane sold was used in its business for purposes of transporting personnel and material.

Big Three paid the tax[1] demanded by the Comptroller, including penalty and interest, under protest, and thereafter brought suit against the Comptroller for a refund of the money paid.

Upon trial to the court without a jury, the court entered judgment for Big Three Industries, Inc. for recovery of the money paid under protest.[2]

We affirm.

The State is before us on four points of error[3] which we overrule.

The only issue before this Court is whether Big Three's sale of the airplane to Keystone was an "occasional sale" within the meaning of Article 20.04(I), Taxation-General, Revised Civil Statutes of Texas.[4] In 1967 the statutes exempting

---

1. The tax paid was the sum of $8,500 plus $850 penalty and $879.52 interest.

2. The court also entered judgment denying Big Three Industries, Inc. recovery against Keystone International, Inc. Big Three appealed this portion of the Trial Court's judgment, however Keystone does not question the validity of this appeal by Big Three and admits liability to Big Three should the tax be held valid.

3. "POINT NO. 1: The district court erred in holding that the sale of the Lear Jet Airplane by Big Three to Keystone was an Occasional Sale under the provisions of Article 20.01(F), Title 122A, Taxation-General, Revised Civil Statutes of Texas; POINT NO. 2: The district court erred in holding that Big Three is not liable for the tax on the sale of the Lear Jet Airplane to Keystone imposed by virtue of the provisions of Article 20.-02, Title 122A, Taxation-General, Revised Civil Statutes of Texas and POINT NO. 3: The district court erred in holding that the sale of the Lear Jet Airplane by Big Three to Keystone was exempt from the imposition of the Limited Sales, Excise and Use Tax by the provisions of Article 20.04(G), Title 122A, Taxation-General, Revised Civil Statutes of Texas and POINT NO. 4: The district court erred in not rendering judgment that Big Three take nothing in said suit."

4. This definition was again amended in 1969 and now reads as follows:
   "Art. 20.04(I): Occasional Sales. There are exempted from the taxes imposed by this Chapter the receipts from the occasional sales of taxable items and the storage, use or other consumption in this State of taxable items the transfer of which to the con-

occasional sales and defining same read as follows:

"There are exempted[5] from the taxes imposed by this Chapter the receipts from the occasional sales of tangible personal property and the storage, use or other consumption in this State of tangible personal property the transfer of which to the consumer constitutes an occasional sale or the transfer of which to the consumer is made by way of occasional sale. (Art. 20.04(G) Tax.-Gen. R.C.S.)"

Article 20.01(F) defines an "occasional sale" in 1967:

"One (1) or two (2) sales of tangible personal property at retail during any twelve-month period by a person who does not hold himself out as engaging (or who does not habitually engage) in the business of selling such tangible personal property at retail."

In 1967, the Texas Limited Sales, Excise and Use Tax Act imposed a 2 % tax on the receipts from the sale at retail of all taxable items within the State (Art. 20.02 Tax.-Gen. R.C.S.)

A "retailer" is defined under the Act as:

"(J) Retailer,

(1) 'Retailer' includes

(a) Every seller engaged in the business of making sales of tangible personal property for storage, use or other consumption * * *

(b) Every person making more than two (2) retail sales of tangible personal property during any twelve-month period * * *" Art. 20.01 RCS Tax.-Gen.

Under this definition, a retailer is either a "seller" or a person making more than two retail sales of tangible personal property a year.

A seller was defined in 1967 as follows:

" 'Seller' includes every person engaged in the business of selling, leasing or renting tangible personal property of a kind, the receipts from the retail sale, lease or rental of which, are required to be included in the measure of the limited sales tax." Art. 20.01(M) R.C.S. Tax.-Gen.

Thus in 1967 a retailer for the purposes of the Act was a person making more than two retail sales of tangible personal property per year (Art. 20.01(J) (1) (b)) or a person engaged in the business of selling tangible personal property of the kind covered by the sales tax (Art. 20.01(J) (1) (a); Art. 20.01(M).

Consequently, the "occasional sale" exemption obviously cannot apply to the second definition of a "retailer" quoted above. That definition included any person who made more than two retail sales per year, Art. 20.01(J) (1) (b). If the "occasional sale" provision applied to that definition, then there could be no such thing as an occasional sale because all occasional sales would be made by persons exempted from the sales tax in the first place.

■ Therefore, the "occasional sale" exemption must apply to the first definition of a "retailer," that is, a "seller engaged in the business of making sales of tangible personal property" under Art. 20.01(J) (1). This is the only interpretation of the occasional sale definition, Art. 20.01(F), which does not eradicate an "occasional sale" altogether under the Act.

In construing statutes there is a presumption that the legislature will not do a useless thing. 53 Tex.Jur.2d, Sec. 182, p. 272.

sumer constitutes an occasional sale or the sale of which to the consumer is made by way of an occasional sale."

5. Other products exempt from the sales tax are oil (Art. 20.04(D) (1) (a)), cigarettes (Art. 20.04(D) (1) (c)), non-returnable containers (Art. 20.04(E) (3) (a)), food products sold by a church (Art. 20.04(F) (2)), fertilizer (Art. 20.04(N) (5)) and drill pipe (Art. 20.04 (W)).

Furthermore, in the instant case, Big Three was unquestionably a "retailer" under Art. 20.01(J) (1) in 1967. The Retail Tax Permits it held in 1967 show that its retail business was to sell "welding equipment supplies and industrial gases."

Article 20.01(J) (1) (a) is the only definition of a "retailer" to which the "occasional sale" exemption can apply and still survive. Big Three is a seller of "tangible personal property" (Art. 20.01(P)). By substituting "welding equipment supplies and industrial gases" for "tangible personal property" under Article 20.01(J) (1) (a), Big Three is thus:

"* * * [a] seller engaged in the business of making sales of * * * [*welding equipment supplies and industrial gases*] for storage, use or other consumption * * *"

for the purposes of the Sales Act.

However the controversy before us does not arise over the sale of welding supplies or industrial gas but over the sale of an airplane. The sale of the airplane in question was the only sale of an airplane by Big Three during the pertinent twelve month period.

To determine whether or not this sale of an airplane by a retailer of welding supplies and industrial gases is exempt from the sales tax, one must look to the statute defining occasional sales, Art. 20.01(F). Article 20.01(F) uses the phrase "tangible personal property." Unquestionably an airplane constitutes tangible personal property under the statutory definition, Art. 20.01(P). Therefore, the definition of "occasional sales," Art. 20.01(F), reads, for purposes of this case, as follows:

"One [1] or two [2] sales of * * * [*an airplane*] at retail during any twelve-month period by a person who does not hold himself out as engaging (or who does not habitually engage) in the business of selling * * * [*such airplanes*] at retail."

Thus Big Three's sale of an airplane to Keystone was an "occasional sale" under the Texas Limited Sales, Excise and Use Tax.

In view of the foregoing, we must reject the State's contention that the language of the statute defining "occasional sale" (Art. 20.01(F)) requires (1) only 1 or 2 sales may be made during a twelve month period; and (2) the person making the same must not hold himself out as engaging in business or who does not habitually engage in business. Nor do we hold that the word "such" in this statute refers to sales which are not otherwise exempt from the Act. As pointed out above this construction would nullify the occasional sale provision and limit the exemption to persons who are not merchants, who do not engage in the business of selling tangible personal property, that is, persons who might make an occasional sale of some property, such as a second hand refrigerator or lawn mower from his home.

For the reasons enumerated above we affirm the judgment of the trial court.

Affirmed.