NEVADA STATE PERSONNEL DIVISION; JAMES F. WITTENBERG, PERSONNEL ADMINISTRATOR; NEVADA STATE PERSONNEL ADVISORY COMMISSION; WALTER D. JOHNSON, CHAIRMAN OF NEVADA STATE PERSONNEL ADVISORY COMMISSION, AND NOEL E. MANOUKIAN, ROBERT A. McADAM, HANNAH PALLUDAN AND I. W. WILSON, MEMBERS OF THE NEVADA STATE PERSONNEL ADVISORY COMMISSION, APPELLANTS, v. DOROTHY F. HASKINS, RESPONDENT.

No. 7655

December 20, 1974                    529 P.2d 795

*Robert List,* Attorney General, Carson City, for Appellants.

*B. Mahlon Brown III,* of Las Vegas, for Respondent.

## OPINION

' *Per Curiam:*

In July of 1973, the Nevada State Welfare Division undertook to terminate respondent's employment as an Eligibility Worker II. By timely application under NRS 284.390(1), respondent sought and obtained an administrative hearing before a hearing officer of the Nevada State Personnel Advisory Commission, an independent state agency formed to decide disputes between state employees and their employers.[1] On November 26, the hearing officer found respondent's dismissal unjustified and ordered her reinstated. Thereupon, pursuant to NRS 284.390(7), the Nevada State Welfare Division appealed to the Nevada State Personnel Advisory Commission.[2] On December 26, the Advisory Commission granted a hearing de novo, and purported to stay the hearing officer's decision.

Respondent then petitioned the district court for a writ of

---

[1] "1.  Within 30 days after receipt of a copy of the statement provided for in subsection 2 of NRS 284.385, an employee who has been dismissed, demoted or suspended may, in writing, request a hearing before the hearing officer of the personnel division to determine the reasonableness of such action. If an employee utilizes an internal grievance adjustment procedure adopted by the commission, such employee shall have 30 days following the final disposition of the internal proceeding to request, in writing, a hearing before the hearing officer."

[2] "7.  Within 30 days after receipt of notice of the decision of the hearing officer rendered pursuant to this section, the employee or the appointing authority may, in writing, request that the commission review such decision for the purpose of determining whether to grant a hearing before the commission."

mandamus directing the Advisory Commission to dissolve the stay and order her reinstated pursuant to the hearing officer's decision. The district judge granted mandamus, and this appeal follows.

The dispute concerns the stay's validity in light of NRS 284.390(6), which provides that "the decision of the hearing officer is binding on the parties, but is subject to review and rehearing by the commission." The Advisory Commission contends this means only that, if there is no appeal, the hearing officer's decision shall be binding on the parties, but when a hearing de novo is granted, NRS 284.390(6) becomes inapplicable, and the commission then has discretionary power to enter a stay pending the hearing's outcome. Instead, the district court interpreted the statute to render a hearing officer's decision immediately effective, subject to being superseded by the commission's ultimate decision. We affirm the district court.

Where possible, a statute should be construed so as to give meaning to all of its parts. Cf. Herrick v. Herrick, 55 Nev. 59, 64, 25 P.2d 378, 379 (1933). Here, appellants' interpretation would render the "binding" language of the statute meaningless. Thus, when NRS 284.390(6) is properly construed and applied, we conclude that upon the hearing officer's favorable ruling, respondent had an absolute right to reinstatement pending the Advisory Commission's final decision. Far from having "discretion" to nullify the hearing officer's order, the Advisory Commission was under a nondiscretionary duty not to interfere with that right, which the law declares final unless changed following a hearing de novo. Thus, we deem mandamus proper to compel compliance with appellants' legal duties. NRS 34.160; State ex rel. List v. County of Douglas, 90 Nev. 272, 282, 524 P.2d 1271, 1277 (1974).

Other issues raised by appellants have been considered, and are without merit.

The order of the district court granting mandamus and dissolving the stay order is affirmed.