LILLIAN KAY McGEE, Appellant, *v.* HUMBOLDT COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada, Respondent.

No. 8238

·March 17, 1977                                        561 P.2d 458

*Thornton, Stephens, Atkins & Kellison,* Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant brought suit against respondent for its alleged unlawful failure to renew her teaching contract. The district court granted respondent's motion for summary judgment and denied appellant's motion for partial summary judgment. Appellant here contends (1) she was a post-probationary teacher and therefore entitled to the procedural mandates of NRS 391.111 to 391.3196, and (2) her proprietary and liberty interests were impaired without due process. We disagree.

1. Pursuant to statutes then in force, the procedures of NRS 391.111 to 391.3196, concerning the dismissal of or refusal to reemploy teachers, were applicable only to post-probationary teachers.[1] Such status was achieved after a teacher had been employed for two consecutive contract periods. 1969 Nev. Stats. 271–72. Prior to appellant's completion of the second contract period, but subsequent to the execution of an employment contract for her third teaching term, the legislature amended NRS Ch. 391 by extending the probationary period from two to three years. 1971 Nev. Stats. 379–82. The amendment also provided that, prior to formal action, ". . . the probationary teacher shall be given the reasons for the recommendation to dismiss or not to renew the contract and be given the opportunity to reply." 1971 Nev. Stats. 382.

Even though she had not completed two consecutive contract periods, appellant contends she became a post-probationary teacher upon the execution of her third year contract. The clear statutory mandate then in effect required employment for two consecutive contract periods, and the mere fact of executing a contract for a third term did not alter this

---

[1]NRS Ch. 391 has since been amended to give probationary teachers the right to a hearing before a hearing officer or hearing commission as set out in NRS 391.111 to 391.3196. NRS 391.3197(3).

requirement. See: Spicer v. Anchorage Independent School District, 410 P.2d 995 (Alas. 1966); Richardson v. Board of Education, 58 P.2d 1285 (Cal. 1936). Appellant was a probationary teacher at the time of the amendment and, pursuant to that amendment, remained a probationary teacher during her third year when she received notification of the school district's intention not to reemploy her. Therefore, the procedural mandates of NRS 391.111 to 391.3196 were not available to her.

2. Appellant also contends respondent's action impaired her proprietary and liberty interests without due process. As a probationary teacher with only a unilateral expectation of employment, and no claim of entitlement to it, appellant had no proprietary interest, and she was not deprived of liberty simply by respondent's refusal to rehire her. Board of Regents v. Roth, 408 U.S. 564 (1972). Appellant received notification of the reasons respondent was not rehiring her and was given an opportunity to reply at a public hearing. Therefore, she received all the process due a probationary teacher pursuant to the statutes then in effect.

Affirmed.