NEVADA TAX COMMISSION, Appellant, v.
ALEXANDER K. BERNHARD, Respondent.

No. 15332

June 26, 1984

683 P.2d 21

*Brian McKay,* Attorney General, and *Michael J. Dougherty,* Deputy Attorney General, Carson City for Appellant.

*Shaw, Heaton, Doescher & Owen,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the lower court holding that respondent's purchase of an airplane constituted an "occasional sale" and was therefore exempt from a use tax under the provisions of the Sales and Use Tax Act, 1955, Nev. Stats. ch. 397.[1] The Nevada Tax Commission has appealed and contends that the lower court erred in holding that the transaction constituted an occasional sale. We disagree.

Christen Industries, Inc. (hereafter Christen) is a California corporation engaged in the business of selling aerobatic airplane kits and is a registered retailer with the California State Board of Equalization. Christen used a twin-engine Cessna aircraft in the course of its operations for the purpose of corporate transportation.

In November of 1981, Christen sold the Cessna in California to Alexander K. Bernhard, the respondent. Bernhard based the

---

[1] Citation to sections of the Sales and Use Tax Act will hereafter be to corresponding sections of Chapter 372 of the Nevada Revised Statutes.

Cessna in Nevada, but he did not remit a use tax to the State of Nevada.

The Nevada Department of Transportation subsequently determined that Bernhard owed a use tax on the airplane and sent him a deficiency notice to this effect. Bernhard petitioned for a redetermination of the assessment. A hearing officer for the Department of Taxation upheld the assessment, which decision was affirmed on appeal to the Nevada Tax Commission.

In December of 1982, Bernhard petitioned the district court to review the decision of the tax commission. The district court held that the sale of the Cessna constituted an occasional sale which, under NRS 372.320, exempted the transaction from a use tax.

On appeal, the tax commission contends that because Christen held or used the Cessna in the course of its retailing activity, the sale of the Cessna does not constitute an occasional sale.

The Sales and Use Tax Act was enacted by the legislature in 1955 and approved by the people of Nevada in a referendum vote in 1956. The act imposes an excise tax "on the storage, use or other consumption in this state of tangible personal property purchased from any retailer on or after July 1, 1955, for storage, use or other consumption in this state . . . ." NRS 372.185. Exempted from this tax are the "gross receipts from occasional sales of tangible personal property and the storage, use or other consumption in this state of tangible personal property, the transfer of which to the purchaser is an occasional sale." NRS 372.320. NRS 372.035(1)(a) defines an "occasional sale" as including:

> A sale of property not held or used by a seller in the course of an activity for which he is required to hold a seller's permit, provided such sale is not one of a series of sales sufficient in number, scope and character to constitute an activity requiring the holding of a seller's permit.

At issue in this case is whether Christen can be considered to have held or used the Cessna in the course of an activity for which Christen was required to hold a seller's permit. The court below held that because Christen was not in the business of selling airplanes such as the Cessna, the sale was an occasional sale. The tax commission, on the other hand, acknowledges that Christen was not in the business of selling airplanes such as the Cessna, but asserts that because the Cessna was used in the course of Christen's activity in selling airplane kits, the "occasional sale" exemption is not available.

The issue presented is one of the proper construction of the

definition of an "occasional sale." In construing a law approved by referrendum, the normal rules of statutory construction apply. Pershing Co. v. Humboldt Co., 43 Nev. 78, 183 P. 314 (1919) *(opn. on rehrg.)*. Where the meaning of a particular provision is doubtful, the courts will give consideration to the effect or consequences of proposed constructions. *See* NL Industries v. Eisenman Chemical Co., 98 Nev. 253, 645 P.2d 976 (1982); Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 621 P.2d 492 (1980). If the language of the provision fairly permits, the courts will avoid construing it in a manner which will lead to an unreasonable result. NL Industries v. Eisenman Chemical Co., *supra;* School Trustees v. Bray, 60 Nev. 345, 109 P.2d 274 (1941). Additionally, in determining the meaning of a specific provision of an act, the act should be read as a whole. *See* White v. Warden, 96 Nev. 634, 614 P.2d 536 (1980); Midwest Livestock v. Griswold, 78 Nev. 358, 372 P.2d 689 (1962). Finally, where possible, a statute should be read to give meaning to all of its parts. *See* Sheriff v. Morris, 99 Nev. 109, 659 P.2d 852 (1983); Nevada State Personnel Div. v. Haskins, 90 Nev. 425, 529 P.2d 795 (1974).

In this case it is apparent from the act as a whole that transactions denominated occasional sales were intended to be exempt from sales and use taxes. The tax commission's interpretation of the definition of occasional sale would make the exemption available only in rare circumstances, and not to merchants at all. Such an interpretation would largely nullify the occasional sale provision and thereby violate the rule of statutory construction that effect should be given to all of a statute's parts. *See* Big Three Industries, Inc. v. Keystone Industries, Inc., 472 S.W.2d 850 (Tex.Civ.App. 1971). Accordingly, we hold that the language of the exemption was intended to cover the circumstances of this case.

Affirmed.