372

EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES; SELWAY MULKEY, IN HIS CAPACITY OF ACTING SUPERINTENDENT OF THE EUREKA COUNTY SCHOOL DISTRICT; GLEN W. MOYLE, IN HIS CAPACITY AS A MEMBER OF THE EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES; MARIBETH ROBINSON, IN HER CAPACITY AS A MEMBER OF THE EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES; VERA BAUMANN, IN HER CAPACITY AS A MEMBER OF THE EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES; RON CARRION, IN HIS CAPACITY AS A MEMBER OF THE EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES; AND EARL NUTTAL, IN HIS CAPACITY AS A MEMBER OF THE EUREKA COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES, APPELLANTS, v. PHILLIP HOLBO, RESPONDENT.

No. 15389

August 27, 1985 705 P.2d 640

*Walther, Key, Maupin, Oats, Cox, Lee & Klaich,* and *Monique Laxalt Urza,* Reno, and *Milos Terzich,* Gardnerville, for Appellants.

*Michael W. Dyer,* Carson City, for Respondent.

# OPINION

*Per Curiam:*

In August 1981, plaintiff-respondent Phillip Holbo contracted with defendant-appellant Board of Trustees of Eureka County School District for employment as a probationary teacher for the 1981-1982 school year. Respondent's responsibilities were to teach social studies and government at the secondary level, to coach football, and to act as senior class advisor.

Pursuant to NRS 391.3125(3),[1] appellants evaluated respondent's performance as a probationary teacher on schedule. In October 1981, the first teacher evaluation revealed respondent's performance was either "good" or "superior" in all areas. In November, respondent ordered a student to arrange for disciplinary detention after the student repeatedly used the term "ain't." When the student failed to arrange for detention, respondent referred the student to Principal Selway Mulkey. The principal

---

[1]NRS 391.3125 provides, in part:

. . . .
3. The probationary period must include a conference and a written evaluation for the probationary employee no later than:
(a) November 1;
(b) January 1;
(c) March 1; and
(d) May 1,
of the school year.
4. Each postprobationary teacher shall be evaluated at least once each year.
5. The evaluation of a probationary teacher or a postprobationary teacher shall, if necessary, include recommendations for improvements in teaching performance. A reasonable effort shall be made to assist the teacher to correct deficiencies noted in the evaluation. The teacher shall receive a copy of each evaluation not later than 15 days after the evaluation. . . ."

thereafter conferred with respondent and offered suggestions for less punitive means to handle disciplinary incidents; the principal's report of that conference criticized respondent for requiring strict adherence to the disciplinary system and offered respondent suggestions and help in becoming more effective in handling disciplinary incidents.

Respondent's second evaluation in December, 1981 indicated that he needed to improve classroom management. Respondent then wrote a letter to Superintendent Ted Jackson, challenging the accuracy of the second evaluation report, and requesting a conference. During the ensuing conference, the principal advised respondent that the best recommendation he could make for reemployment would be a "trial year." The principal requested permission from the superintendent to issue respondent an admonition pursuant to NRS 391.313(1).[2] The principal testified the superintendent denied him permission to admonish respondent. Respondent's third evaluation, in February, showed that some areas previously needing improvement were now satisfactory.

By letter dated March 30, 1982, the principal, now acting superintendent, notified respondent that his contract would not be renewed for the ensuing academic year. The reasons given for the decision not to renew employment were inadequate performance, unprofessional conduct, insubordination, and failure to show both normal improvement and professional growth. Holbo was unable to obtain employment for the 1982-1983 school year and filed this action for breach of contract for failure to admonish him pursuant to NRS 391.313, seeking a declaratory judgment, damages and reinstatement. Following trial, the district court decided the admonition requirement was applicable to non-reemployment of probationary teachers and the contract was breached by the failure to give the admonition. The court ordered one year's salary as damages but refused to order reinstatement. Appellants appeal from the order assigning several aspects of the decision as error.

Appellants contend that the NRS 391.313(1) admonition is inapplicable to probationary employees and thus the court erred

---

[2]NRS 391.313(1) provides in part:

Whenever an administrator charged with supervision of a certified employee believes it is necessary to admonish a certified employee for a reason that he believes may lead to demotion, dismissal or cause the employee not to be reemployed under the provisions of NRS 391.312, he shall:

(a) Bring the matter to the attention of the employee involved, in writing, and make a reasonable effort to assist the employee to correct whatever appears to be the cause for potential demotion, dismissal or failure to reemploy; and

(b) Except as provided in NRS 391.314, allow reasonable time for improvement, which must not exceed 3 months for the first admonition. . . ."

in finding a breach of contract by the failure to admonish respondent. We agree.

We conclude the application of the admonition provision to probationary teachers would render useless the existing evaluation schedule and reemployment notification provisions of the statute. NRS 391.3125(3) establishes a detailed teacher evaluation schedule for probationary employees. NRS 391.3197(2) entitles the probationary employee to a written notification of whether he is to be reemployed for the next school year prior to April 1 of the school year.[3] Any evaluation and reemployment notification after the issuance of an admonition would serve little purpose. The purpose for the admonition, as expressed in NRS 391.313(1)(b), is to permit the employee an opportunity to improve his or her work performance. Conferences were held between respondent and the principal in addition to those required by NRS 391.3125(3), and the principal offered suggestions for corrections of respondent's deficiencies which fulfilled the purpose of the admonition.

Additionally, NRS 391.3197(8) entitles the probationary employee to a hearing upon dismissal from employment, but not upon demotion or refusal to reemploy.[4] NRS 391.3161(4), which is not expressly applicable to probationary employees, permits the employee a hearing in cases of demotion, dismissal or refusal to reemploy based on grounds contained in NRS 391.312. The application of the admonition to probationary employees would thus impermissibly imply the creation of a right to a hearing upon non-reemployment in addition to the existing statutory rights of probationary teachers.

Moreover, appellants' action did not impair respondent's proprietary and liberty interests without due process. As a probation-

---

[3]NRS 391.3197 provides:

    1. A probationary employee is employed on an annual basis and has no right to employment after a probationary contract year.

    2. . . . the board of trustees shall notify him in writing on or before April 1 of the school year whether he is to be reemployed for the next school year. . . .

    . . . .

    5. If a probationary employee is notified that he will not be reemployed for the ensuing school year, his employment ends on the last day of the school year specified in the contract. The notice that he will not be reemployed must include a statement of the reasons for that decision.

    . . . .

    8. Before dismissal, the probationary employee is entitled to a due process hearing. . . .

[4]*See* note 3, *infra.*

ary teacher, respondent had only a unilateral expectation of employment, and no claim of entitlement to it. Board of Regents v. Roth, 408 U.S. 564 (1972); McGee v. Humboldt Co. School Dist., 93 Nev. 171, 561 P.2d 458 (1977). The conference and evaluation reports which occurred during the school year pursuant to NRS 391.3125(3) alerted respondent that grounds for non-reemployment existed. Respondent could not have had an objectively reasonable belief that his reemployment was assured. Respondent received written notice of non-reemployment before April 1 as required by 391.3197(2), and thus received all the process due him pursuant to the statute.

Accordingly, the order of the district court is reversed.