PAMELA McCRACKIN, Appellant, v. THE ELKO COUNTY SCHOOL DISTRICT, and DR. JOHN H. MARTIN, M. JEOFFREY DAHL, JAMES CONNELLEY, JAMES V. MUTH, RALPH PAOLI, SHARON RHODES and ELDON WESTLUND, In their capacities as the Board of Trustees of the Elko County School District, Respondents.

No. 17812

December 31, 1987 747 P.2d 1373

*Dyer and McDonald,* Carson City, for Appellant.

*Thomas L. Stringfield,* Elko, for Respondents.

## OPINION

By the Court, Young, J.:

This is a case of first impression involving the 1985 amendments to the statutory provisions addressing evaluation and reemployment of probationary teachers. Pamela McCrackin appeals

from the district court judgment that the Elko County School District had properly determined not to renew her employment.

In the school year 1985-86 appellant McCrackin was employed by respondent Elko County School District as a special education teacher at the Wells Junior-Senior High School. She was on a second probationary, or trial year. Miss McCrackin held the same position as a probationary teacher in the 1984-85 school year. That was her first year as a teacher. She was not made a regular, postprobationary teacher because her handling of certain required paperwork was not satisfactory. Miss McCrackin apparently corrected this problem; her October and December 1985 evaluations rated her performance of the paperwork as satisfactory. Neither evaluation gave Miss McCrackin any indication that she might not be reemployed, and both noted that her performance in some areas had improved.

On February 20, 1986, Mr. Harold Ridgway, the Elko County School District Director of Instructional Services, observed Miss McCrackin's classroom for fifteen minutes and discussed the observation with her. On February 26, 1986, Mr. Ridgway delivered the formal report of the February 20, 1986 observation to Miss McCrackin and discussed it with her. On the afternoon of February 28, 1986, Mr. Weight, the school principal, discussed Mr. Ridgway's observation with Miss McCrackin. At this time she was first informed that her prospects for reemployment were not good.

On Monday, March 3, 1986, Mr. Weight presented Miss McCrackin a letter stating that he would recommend to the school board that she not be reemployed due to inadequate performance. He also gave her an evaluation report detailing deficiencies in her performance. Mr. Weight advised Miss McCrackin to resign, and said her resignation would probably be accepted. Charles Knight, Superintendent for the Elko County School District, informed Miss McCrackin by a letter dated March 31, 1986, that he would recommend not reemploying her to the school board. The Elko County School Board did not renew Miss McCrackin's contract.

After completing her term, Miss McCrackin brought an action claiming that the school district and its employees had not complied with the relevant statutory provisions. The district court concluded that Miss McCrackin had received adequate notice under NRS 391.3125(4) and that the observation and evaluation reports for the school year 1985-86 constituted substantial compliance with NRS 391.3125(6). We disagree.

In 1985 the legislature amended the statutory provisions dealing with teacher contracts. A new provision requires that probationary teachers either receive an admonition or, by March 1, receive notice that they may not be reemployed and the reasons for their potential non-reemployment. NRS 391.3125(4). Enact-

ment of the amendments followed this court's ruling in Eureka County v. Holbo, 101 Nev. 372, 705 P.2d 640 (1984) that probationary teachers were not entitled to an admonition under NRS 391.313 before non-renewal of their contracts.

All teachers must receive evaluations that include, if necessary, recommendations for improvements in performance. A reasonable effort must be made to assist teachers in correcting deficiencies. NRS 391.3125(6).

The statutory subsection addressing notice, NRS 391.3125(4), provides:

> Whenever an administrator charged with the evaluation of a probationary employee believes the employee will not be reemployed for the next school year, he shall bring the matter to the employee's attention in a written document which is separate from the evaluation no later than the third required evaluation. The notice must include the reasons for the potential decision not to reemploy or refer to the evaluation in which the reasons are stated. Such a notice is not required if the probationary employee has received a letter of admonition during the current school year.

The parties agree that the date of the notice, Monday, March 3, was within the March 1 statutory decision deadline for the third evaluation, because March 1 was a Saturday.

The notice gave as the reason for non-renewal, "inadequate performance in your position as a teacher." Although the notice did not refer to it, Miss McCrackin received an evaluation which listed specific deficiencies.

The notice stated, "I am recommending . . . that you not be reemployed." The statute speaks of a "potential decision not to reemploy." Mr. Weight presented his decision as a final determination, at least on his part. It is true that Mr. Weight's decision represents a potential decision in the sense that the school board makes the final determination regarding employment. However, Miss McCrackin's acceptance of Mr. Weight's decision as a final determination of the matter seems justified by the written and oral communication she received from him, which included his advice that she should resign.

The March 3 notice and evaluation did not achieve the statute's purpose. Miss McCrackin received notice of the deficiencies because of which she was terminated on the last permitted day. However, she had no chance to improve her performance in those areas because her principal, who would have had to recognize that improvement, presented his decision as a final one.

Subsection six of NRS 391.3125 provides, in pertinent part:

> The evaluation of a probationary teacher or a postprobationary teacher must, if necessary, include recommendations for improvements in his performance. A reasonable effort must be made to assist the teacher to correct any deficiencies noted in the evaluation.

Miss McCrackin did not receive any assistance in improving her performance after receiving the March 3 notice and evaluation. Mr. Weight, her principal, testified that he did not give or offer her such assistance.

The evaluation which Miss McCrackin received on March 3, 1986, was phrased in terms of the reasons for potential non-reemployment required by NRS 391.3125(4). Although it could have been interpreted as also setting out recommendations for improvement, the presentation of the decision as a final determination made efforts to improve on Miss McCrackin's part seem futile.

Implicit in the NRS 391.3125(6) requirement that school districts make "reasonable efforts" to assist teachers in correcting their deficiencies is a chance for the teachers to put such assistance to use, a chance to improve. NRS 391.3125(4) requires that probationary teachers be given notice of deficiencies so serious as to potentially cause their non-reemployment. Such notice must be given by March 1, forty-five days before the April 15 deadline for giving probationary teachers notice of non-renewal of their contracts under NRS 391.3197(2).

In determining the meaning of specific provisions of an act, the act should be read as a whole and meaning given to all its parts. Nevada Tax Comm'n v. Bernhard, 100 Nev. 348, 351, 683 P.2d 21, 23 (1984). Courts will avoid an unreasonable result. *Id.* The legislature's requirement that probationary teachers be given notice of a potential decision not to reemploy them, and the reasons for such a decision, could serve no purpose if those teachers are not also given a chance to respond to that notice. In the absence of language specifying the contrary, the requirement that teachers be given recommendations for improvement and assistance in correcting deficiencies applies also to deficiencies so serious as to potentially cause non-reemployment. Miss McCrackin received neither a chance to correct the deficiencies mentioned in the March 3 notice nor any assistance in correcting those deficiencies.

■■■■■■

As a probationary teacher, Miss McCrackin has only a unilateral expectation of employment and no claim or entitlement to it. NRS 391.3197(1), *Holbo,* 101 Nev. at 375-76, 705 P.2d at 642. However, school boards must follow the procedures required by statute in the non-renewal of a probationary teacher's contract.

*See, e.g.,* Dennis v. County School Bd. of Rappahannock Co., 582 F.Supp. 536 (W.D.Va. 1984). We find the district court's conclusion that the Elko County School Board's actions in the non-renewal of Miss McCrackin's contract complied with the relevant provisions of NRS 391.3125 to be in error as a matter of law.

Accordingly, we reverse the district court's judgment and remand these proceedings to that court for the fashioning of a remedy.

GUNDERSON, C. J., STEFFEN, SPRINGER, and MOWBRAY, JJ., concur.