CLARK COUNTY SCHOOL DISTRICT, Appellant, v. FLETCHER HARRIS, Respondent.

No. 26489

April 3, 1996                                         913 P.2d 1268

*Donald H. Haight,* General Counsel, and *Stephanie A. Barker,* Las Vegas, for Appellant.

*Dyer, Lawrence & Cooney* and *Leigh C. O'Neill,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Respondent Fletcher Harris ("Harris") and appellant Clark County School District ("CCSD") entered into a written contract for employment on February 15, 1991. CCSD agreed to employ

Harris as a teacher for the second semester of the 1990-91 school year. On November 6, 1991, Harris and CCSD entered a second written contract for employment for the 1991-92 school year. On April 22, 1992, Harris received a notice of non-reemployment of a probationary employee from CCSD. CCSD then terminated Harris at the end of the 1991-92 school year.

On November 16, 1992, Harris filed a request for declaratory relief with the district court. Harris requested that the district court declare that (1) Harris became a postprobationary employee on February 15, 1992; (2) when CCSD terminated Harris, CCSD violated the provisions of NRS chapter 391; and (3) Harris was entitled to the procedural protections afforded to postprobationary employees. On July 25, 1994, the district court granted Harris' request for declaratory relief.

CCSD raises three contentions in this appeal. First, CCSD contends that the district court erroneously determined that Harris was a postprobationary employee. Second, CCSD contends that res judicata barred Harris from requesting declaratory relief. Third, CCSD contends that Harris should be equitably estopped from asserting that he was a postprobationary employee.

We conclude that the district court improperly ruled that Harris was a postprobationary employee. Based on this conclusion, we do not address CCSD's second and third contentions in this opinion.

## FACTS

Harris and CCSD entered into a written contract for employment that was entitled "Probationary Contract Between Employee and Trustees." Pursuant to the agreement, CCSD agreed to employ Harris as a teacher for ninety-three days during the second semester of the 1990-91 school year. On April 15, 1991, Harris received a notice of reemployment from CCSD, informing Harris that CCSD would employ him during the 1991-92 school year. On November 6, 1991, Harris and CCSD entered into a written contract for employment for the 1991-92 school year. The contract was entitled "Probationary Contract Between Employee and Trustees" and specified that Harris would provide 184 days of service.

On April 22, 1992, Harris received a notice of non-reemployment of a probationary employee from CCSD, alerting Harris that CCSD would not employ him during the 1992-93 school year. CCSD terminated Harris at the end of the 1991-92 school year by complying with the procedures established by NRS chapter 391 for the termination of a probationary employee, not a postprobationary employee.

On September 14, 1992, Harris filed a complaint against

CCSD requesting the district court to compel arbitration. Harris claimed that as a member of the Clark County Classroom Teacher's Association ("CCCTA"), he was entitled to arbitrate any grievance that arose between CCSD and himself. CCSD opposed Harris' complaint, arguing that the right to arbitrate grievances contained in CCCTA's collective bargaining agreement extended to only postprobationary teachers, and Harris was not a postprobationary teacher. On November 3, 1992, the district court denied Harris' request to compel arbitration.

On November 16, 1992, Harris filed a request for declaratory relief with the district court. After Harris filed a motion for a judgment on the pleadings and CCSD filed a motion for summary judgment, the district court conducted a hearing. On July 25, 1994, the district court entered two orders. In an order granting Harris' motion for judgment on the pleadings, the district court granted the declaratory relief requested by Harris. In an order denying CCSD's request for summary judgment, the district court ruled that CCSD failed to establish the requisite elements of equitable estoppel.

## DISCUSSION

Harris argues that his service with CCSD for a calendar year automatically vested him with postprobationary status pursuant to the relevant provisions of NRS chapter 391. The district court ruled that Harris became a postprobationary employee on or about February 15, 1992, one calendar year after he was hired as a probationary employee.

NRS chapter 391 establishes procedures that govern the management of personnel matters by school districts. A "postprobationary employee" is defined as a teacher who has completed the probationary period described in NRS 391.3197 *and* has received a notice of reemployment. NRS 391.311(5). A "probationary employee" is defined as a teacher who is employed during the period set forth in NRS 391.3197. NRS 391.311(6).

A probationary employee is employed on an annual basis and has no right to reemployment after the probationary contract period. NRS 391.3197(1). However, if a probationary employee receives a notice of reemployment from the school district, that employee is entitled to be a postprobationary employee during the following year. NRS 391.3197(3). Notices of reemployment must be in writing and must be issued by the school district before May 1 of the school year. NRS 391.3197(2).

NRS chapter 391 also provides protections for temporary employees. An employee who is employed for ninety school days or less, in order to replace another employee whose employment was terminated after the beginning of a school year, can have the

time served under the temporary contract credited toward fulfilling the probationary period. NRS 391.3115(2).

We conclude that NRS chapter 391 does not expressly define how Harris' ninety-three days of service during the 1990-91 school year impacts Harris' employment status. Harris was not employed on an *annual basis* during the 1990-91 school year, indicating that he was not a probationary employee. *See* NRS 391.3197(1). Also, Harris' 1990-91 employment contract specified ninety-three days of service, indicating that he was not a temporary employee. *See* NRS 391.3115(2). When a statute is ambiguous, we construe it in light of "legislative intent, reason and public policy." Sheriff v. Marcum, 105 Nev. 824, 826, 783 P.2d 1389, 1390 (1989). Therefore, we must interpret NRS chapter 391 to determine what the legislature adopting chapter 391 would intend if presented with the facts in the case at bar.

The legislative intent behind NRS chapter 391 was twofold. First, the provisions were intended to provide an efficient procedure for finding and employing qualified teachers. *See* NRS 391.3125(1). Second, the legislature wanted to protect qualified teachers from arbitrary decisions regarding their continued employment. *See* McCrackin v. Elko Cty. School Dist., 103 Nev. 655, 747 P.2d 1373 (1987).

The legislature clearly intended for school districts to be able to use temporary teachers. *See* NRS 391.3115(2). However, NRS chapter 391 does not expressly state how a temporary teacher should be evaluated or elevated to postprobationary status. We conclude that the procedures for elevating Harris and other temporary teachers to postprobationary status should mirror the procedures established for annual probationary employees because NRS chapter 391 was intended to ensure that only qualified teachers achieve postprobationary status.

According to NRS 391.3125(3), performance evaluations of annual probationary employees must be conducted no later than December 1, February 1, and April 1 of the school year. The evaluation dates provide a system of reviews that chronologically run throughout the school year. Further, a notice of reemployment is required to be sent before May 1. This pattern reflects the legislature's intent to have the notice of reemployment issued *after* three performance evaluations are completed.

Harris contends that he received the requisite evaluations and

notice of reemployment that entitled him to postprobationary status at the end of one calendar year. On March 22, 1991, only one month after Harris began working as an industrial arts teacher, an evaluation indicated that Harris' performance was acceptable. On April 15, 1991, Harris received a notice of reemployment for the 1991-92 school year. On October 9, 1991, a complaint was filed against Harris for sexual harassment; and Harris admitted he made a "hissing," not a "kissing," sound toward the complainant. On November 26, 1991, a critical evaluation of Harris was completed, noting that Harris' control over his students needed to be improved. On January 30, 1992, a third review concluded that Harris needed to maintain course plans and improve classroom supervision. On February 11, 1992, CCSD informed Harris that he might not be reemployed based upon his performance and evaluations. On March 31, 1992, CCSD reviewed Harris' performance and determined that he continued to teach courses without lesson plans and allowed students to damage computers in his classroom. On April 22, 1992, CCSD delivered a notice of non-reemployment to Harris.

We conclude that in order for a notice of reemployment to satisfy NRS 319.3197(3), thereby conveying postprobationary status, the notice must be *based on three* performance evaluations. The reason for this requirement is displayed by the case at bar. Harris had *one* evaluation before his notice of reemployment was issued. Afterward, however, three evaluations and one complaint revealed that Harris' abilities as a teacher were suspect. This case displays exactly why the legislature afforded school districts one full year and three evaluations before a reemployment decision must be made regarding a probationary employee. Such procedures are necessary to ensure that unqualified teachers are not vested with the protections of postprobationary status imprudently, thereby ensuring that only quality teachers educate our youth. *See* NL Industries v. Eisenman Chemical Co., 98 Nev. 253, 645 P.2d 976 (1982) (holding that if the language of a statute permits, courts should construe the statute in a manner that will not lead to an unreasonable result).

## CONCLUSION

We conclude that the district court improperly ruled that Harris was a postprobationary employee. Accordingly, we reverse the order of the district court.